UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HEZEKIAH ESAU BAKER,<br><br>　　　Plaintiff,<br><br>v.<br><br>CONSTITUENTS SERVICE DIVISION OF STATE OF NEVADA OFFICE OF THE ATTORNEY GENERAL, et al.,<br><br>　　　Defendants. | Case No. 2:21-cv-01332-GMN-NJK<br><br>**ORDER**<br><br>[Docket No. 12] |

　　　Plaintiff is proceeding in this action *pro se* and has requested authority under 28. U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 12. Plaintiff also submitted an amended complaint. Docket No. 11.

**I.   *In Forma Pauperis* Application**

　　　Plaintiff has submitted the affidavit required by § 1915(a). Docket No. 12. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* under § 1915(a) is granted.

**II.　Screening Complaint**

　　**A. Standard**

　　　Upon granting an application to proceed *in forma pauperis*, courts screen the complaint. 28 U.S.C. § 1915(e). Section 1915(e) permits courts to dismiss a case if the action is legally "frivolous or malicious," the complaint fails to state a claim upon which relief may be granted, or the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given

1

leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.[1] Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Additionally, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B. Analysis**

Plaintiff asserts claims against the Constituents Service Division of the State of Nevada Office of the Attorney General, the Las Vegas Metropolitan Police Department, Weststar Credit Union Financial Services, and Litchfield Cavo.com ("Defendants"). Docket No. 11 at 1. Plaintiff's claims arise out of allegations that Defendant Weststar Credit Union Financial Services

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

2

transferred funds from his savings account to a debt collector without his authorization. *Id.* at 5, 14–15. Plaintiff alleges that it is unlawful to garnish social security funds to pay debt collectors. *Id.* at 6, 14. Plaintiff further alleges that Defendants Constituents Service Division and Las Vegas Metropolitan Police Department failed to exercise due care when investigating the allegations that gave rise to the instant amended complaint. *Id.* at 6–8. 10, 13. Plaintiff additionally alleges that Defendant Litchfield Cavo.com acted wrongfully when representing Defendant Weststar Credit Union Financial Services against Plaintiff's allegations. *Id.* at 3, 9. Plaintiff further alleges that an officer of Defendant Las Vegas Metropolitan Police Department asked him inappropriate questions during a traffic citation stop. *Id.* at 11. Based on these allegations, Plaintiff asserts causes of action under the Federal Torts Claims Act, the Social Security Act, and the Fourteenth Amendment. *Id.* at 2. Plaintiff asks the Court for declaratory and injunctive relief in the form of several directives instructing Defendant Las Vegas Metropolitan Police Department to investigate both the allegedly unauthorized debt collection by Defendant Weststar Credit Union Financial Services and inappropriate questioning by one of its officers. *Id.* at 16–21.

The Federal Torts Claims Act permits Plaintiff to file a claim against the federal government, not state entities. *See Kay v. I.R.S.*, 2001 WL 260041, at *4 (D. Nev. Feb. 2, 2001) (citing 28 U.S.C. § 26710) ("Under the Federal Torts Claims Act . . . the United States has waived its sovereign immunity to certain common law torts committed by federal officials acting within the scope of their employment"). Plaintiff's reliance on the Federal Torts Claims Act to state a claim upon which relief can be granted is therefore improper. Liberally construed, it appears that Plaintiff alleges a 42 U.S.C § 1983 violation against Defendant Las Vegas Metropolitan Police Department. "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation as committed by a person acting under the color of State law." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff invokes the Fourteenth Amendment and the Due Process Clause to assert this Court's jurisdiction. *See* Docket No. 11 at 2. Plaintiff fails, however, to plead sufficient facts demonstrating a constitutional violation. Further, it is

unclear whether Plaintiff alleges a procedural or substantive due process violation and whether Plaintiff seeks to sue specific officers accountable in their personal or official capacities.

Finally, "[i]t is a prerequisite of justiciability that judicial relief will prevent or redress the claimed injury, or that there is a significant likelihood of such redress." *Gonzales v. Gorsuch*, 688 F.2d 1263, 1267 (9th Cir. 1982). Plaintiff seeks relief against Defendant Las Vegas Metropolitan Department only. Docket No. 11 at 19–20. It is unclear on what basis the Social Security Act will permit Plaintiff to obtain the relief he requests. Moreover, because Plaintiff seeks relief against Defendant Las Vegas Metropolitan Police Department only, Plaintiff has failed to state a claim upon which relief can be granted against all other defendants.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is hereby **GRANTED**. Docket No. 12. Plaintiff shall not be required to pay the filing fee.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Amended Complaint is **DISMISSED** with leave to amend. Plaintiff will have until **September 7, 2021**, to file a Second Amended Complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original or first amended Complaint) in order to make the second Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the previous Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the previous Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original and first amended

Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this Order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: August 6, 2021

_____
Nancy J. Koppe
United States Magistrate Judge