UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HEZEKIAH ESAU BAKER, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:21-cv-01332-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| CONSTITUENTS SERVICE DIVISION OF ) | |
| STATE OF NEVADA OFFICE OF THE ) | |
| ATTORNEY GENERAL, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is Plaintiff Hezekiah Esau Baker's ("Plaintiff's") Motion to Reopen Case, (ECF No. 29). Defendants Constituents Service Division of State of Nevada Office of the Attorney General, *et al.* did not respond.[1]

For the reasons discussed below, the Court **DENIES** Plaintiff's Motion to Reopen Case.

I. <u>BACKGROUND</u>

This case arises from allegations that Defendant WestStar Credit Union ("WestStar") transferred funds from his savings account to a debt collector without his authorization. (*See* Am. Compl. at 5, ECF No. 11). This allegedly resulted in becoming temporarily unhoused. (*See id.* at 8–9). He reported this incident to Defendant Las Vegas Metropolitan Police Department ("LVMPD"), but LVMPD officers failed to properly investigate. (*See id.* at 6–7). Plaintiff alleges Defendant WestStar admitted to Defendant LVMPD that it transferred funds from Plaintiff's accounts without his consent. (*See id.* at 7). He then claims Defendant LVMPD not only failed to adequately investigate his allegations but also harassed and belittled

---

[1] The Court notes Defendants do not respond likely because Plaintiff has not served Defendants with summons or his Complaints.

him during the process. (*Id.* at 6, 10–11).  As a result, Plaintiff filed his Complaint on July 14, 2021, and later amended it. (*See generally* Compl., ECF No. 1-1); (Am. Compl.); (Second Am. Compl., ECF No. 17); (Third Am. Compl., ECF No. 24).  During the course of this litigation, Plaintiff has voluntarily dismissed his case and moved to reopen. (*See generally* Notice Voluntary Dismissal, ECF Nos. 14, 19); (Mot. Reopen Case, ECF Nos. 15, 18).  He now seeks to reopen his case once again. (*See generally* Mot. Reopen Case, ECF No. 29).

## II.  LEGAL STANDARD

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59 and 60.  Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment.  The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may, upon motion and just terms, "relieve a party . . . from a final judgment," on the ground that the "judgment is void[.]" Fed. R. Civ. P. 60(b)(4).  A judgment is "void only if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or if the court acted in a manner inconsistent with due process of law." *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985).  Additionally, under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549

(9th Cir. 2000). Rule 60(b) relief should only be granted under "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777, 197 L. Ed. 2d 1 (2017).

## III.  DISCUSSION

At the outset, the Court finds Plaintiff's Motion untimely under Rule 59(e) but timely under Rule 60.[2] However, Plaintiff does not provide any reason under Rule 60(b) to reopen his case. He contends there is new evidence to consider, but the information he relays in the instant Motion is the same as the allegations he provides in his Complaints. (*Compare* Mot. Reopen at 1–2, ECF No. 29); (*with* Am. Compl. at 5). Plaintiff also argues clear error or mistake support reopening the case, but does not explain how this is so. Accordingly, because Plaintiff does not offer a legally justifiable basis to grant the relief he seeks, the Court denies Plaintiff's Motion to Reopen the Case.[3] *See Steele v. All Ye Judges of Cts.*, No. 1:22-CV-01117-GSA-PC, 2022 WL 17994139, at *2 (E.D. Cal. Dec. 29, 2022); *Amie v. California Dep't of Corr. & Rehab.*, No. 1:20-cv-00244-AWI-JLT (PC), 2021 WL 3401292, at *1 (E.D. Cal. Aug. 4, 2021).

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reopen Case, (ECF No. 29), is **DENIED**.

**DATED** this __13__ day of March, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[2] Plaintiff voluntarily dismissed his case on September 15, 2021, and again on October 6, 2021, and the instant Motion to Reopen the Case was filed 244 days later on May 17, 2022. (Notice Voluntary Dismissal, ECF Nos. 14, 19); (Mot. Reopen Case, ECF No. 29).

[3] The Court is denying Plaintiff's Motion to Reopen because he has not clearly stated the reasons by which the Court should reopen his case. Plaintiff is reminded that on September 15, 2021, the Court dismissed this case without prejudice, and therefore he is not precluded from filing this case again. (*See* Notice Voluntary Dismissal, ECF Nos. 14, 19); (Civil Case Term.).